## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOBBY YOUNG, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 17-682 |
| | ) | Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | |
| SUPERINTENDENT ROBERT D. | ) | |
| GILMORE, THE ATTORNEY GENERAL | ) | |
| OF THE STATE OF PENNSYLVANIA, and | ) | |
| PA BOARD OF PROBATION & PAROLE, | ) | |
| | ) | |
| Respondents. | ) | |

### OPINION AND ORDER

Bobby Young ("Petitioner") filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas

Corpus by a Person in State Custody (the "Petition"). ECF No. 1. In the Petition, Petitioner

challenged the fact that the Pennsylvania Board of Probation and Parole (the "Board") denied

him re-parole on his state sentence of 10 – 30 years which was imposed in 1998 for, *inter alia*,

three counts of robbery of a vehicle.

Petitioner was assigned the Pennsylvania Department of Corrections ("DOC") Inmate

Number DU0326 for this sentence (the "DU0326 Sentence"). We take judicial notice of the fact

that DOC Inmate Numbers are sentence specific. McConnell v. Thompson, CIV.A. 14-747,

2014 WL 4348173, at *1 (W.D. Pa. Sept. 2, 2014) ("Petitioner's Department of Corrections

Inmate Identification Number which is sentence specific (meaning that as long as one is serving

a specific sentence, then the Department of Corrections Inmate Identification Number remains

the same but when an inmate starts serving a different sentence, then the prisoner is assigned a

new DOC Inmate Identification Number)").

Petitioner was released on parole from the DU0326 Sentence shortly after December 10, 2007. ECF No. 11-1 at 15 – 18. However, while he was released on parole, Petitioner was charged in 2014 and convicted in 2015, in connection with another crime, namely, the reckless endangerment of his child. Id. at 30 – 36. Petitioner's parole on the DU0326 Sentence was revoked based on this new child endangerment conviction which occurred while he was on parole for the DU0326 Sentence. In the instant Petition, Petitioner challenged the Board's denial of his request for re-parole from the DU0326 Sentence after the Board conducted its re-parole hearing held on June 28, 2016. See ECF No. 1-1 at 5.

Petitioner filed the instant Petition on May 25, 2017. ECF No. 1. After being granted an extension of time, the Board, on July 31, 2017, filed an Answer, denying that Petitioner was entitled to any relief. ECF No. 11. Petitioner filed his Reply Brief or Traverse on August 8, 2017. ECF No. 13. Most recently, Petitioner filed a "Petition for Leave to Amend Submitted Habeas Corpus (Rule 5 of § 2254) (F.R.C.P. Rule 15(a)(2) at other amendments)" ("Motion to Amend") wherein he requested leave to amend his currently pending Petition to include claims concerning the Board's most recent denials of Petitioner's requests for parole. ECF No. 17. However, the Board's two most recent denials of parole were not denials of parole as to the DU0326 Sentence but as to the new sentence of 21 – 42 months imposed for the new conviction of endangering the welfare of a child, which sentence the DOC has assigned Petitioner the Inmate Number of NJ9748 (the "NJ9748 Sentence"), which Petitioner began to serve during the pendency of the instant Petition.

All parties have consented to the plenary jurisdiction of the United States Magistrate Judge. ECF Nos. 10 and 12.

2

Unbeknownst to the Court until Petitioner's filing of the Motion to Amend and further review, Petitioner, in fact, was actually granted re-parole from the DU0326 Sentence by the Board on March 23, 2018. ECF No. 17-3. However, this was a "paper-parole" or "constructive parole" to permit Petitioner to cease serving the DU0326 Sentence in order to commence serving the NJ9748 Sentence. See id. ("YOU ARE PAROLED TO STATE DETAINER SENTENCE"). Accordingly, it appears that Petitioner has been serving the NJ9748 Sentence since having been paper-paroled from the DU0326 Sentence.

By means of the instant Petition, Petitioner solely sought to challenge the Board's allegedly wrongful denial of parole as to the DU0326 Sentence. However, during the pendency of this Petition, Petitioner was, in fact, paroled from the DU0326 Sentence which would have been the most relief that he could have obtained herein. Accordingly, given that, at most the relief that Petitioner could have received if he had succeeded in the instant Petition would have been release on parole from the DU0326 Sentence, the Petition became moot as of March 23, 2018, the moment he was released on parole from the DU0326 Sentence. Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehabilitative Servs., 225 F.3d 1208, 1217 (11th Cir. 2000) ("A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.") (citations and internal quotation marks omitted).

In this regard, we note that Petitioner by means of the Motion to Amend seeks to attack the Board's denials of his requests for parole as to the NJ9748 Sentence which occurred on October 4, 2018 and July 26, 2019, subsequent to the initiation of the instant Petition. ECF No. 17-2 at 1 – 2. See also 17-1 at 1 ("Your Honor, I have never ever been on parole under this number, (NJ-9748), to even get an unsatisfactory parole history on.") (capitalization changed).

## ORDER

Upon further consideration, the Order granting Petitioner's Motion to Amend, ECF No. 18 is hereby VACATED. Petitioner is free to file a new habeas petition challenging the new denials of parole by the Board as to the NJ9748 Sentence.

For the reasons set forth herein, it is hereby ORDERED that the instant habeas Petition is DENIED as MOOT. A Certificate of Appealability is DENIED as jurists of reason would not find that the foregoing is debatable.

Dated: October 4, 2019        BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:    All counsel of Record via CM-ECF

BOBBY YOUNG
NJ9748
SCI-Frackville
1111 Altamont Blvd.
Frackville, PA. 17931